**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1713**

RANDY L. THOMAS,

Plaintiff - Appellant,

versus

R. HARCOURT FULTON; JAMES HAMMOND,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:07-cv-00200-GCM)

Submitted: December 17, 2007    Decided: January 7, 2008

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Randy L. Thomas, Appellant Pro Se. Sardar Mujeeb Shah-Khan, CITY ATTORNEY'S OFFICE, Charlotte, North Carolina; Mark Weston Johnson, HELMS, MULLISS & WICKER, PLLC, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

During the course of Randy Thomas' proceedings under 42 U.S.C. § 1983 (2000), the district court imposed a prefiling injunction against Thomas, which prohibited him "from making any further filings against government officials and their counsel without first obtaining express permission from the [c]ourt." (R. 9 at 2). Thomas appeals the district court's order and asserts that the injunction is too broad. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

Federal courts have the authority to issue prefiling injunctions against vexatious litigants. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Courts, however, "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-18 (internal quotation marks and citation omitted). The factors a district court should consider in deciding whether to issue a prefiling injunction are:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818 (citations omitted). After balancing these factors, if a court decides that a prefiling injunction is warranted, the court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Id. (internal quotation marks and citation omitted). "A narrowly tailored injunction . . . would address only filings in [a particular action] or related actions." Id. at 819. We review the imposition of a prefiling injunction for abuse of discretion. Id. at 817.

Having reviewed the record in light of the factors enunciated in Cromer, we agree with the district court that Thomas' lawsuits are duplicative and vexatious; he cannot have a reasonable expectation of prevailing; and he has caused needless expense and burdens to other parties and the court. We note that the district court's order does not indicate whether the court considered the adequacy of alternative sanctions before imposing the prefiling injunction. In any event, we conclude that the imposition of this particular injunction is defective for being overbroad. The prefiling injunction prohibits Thomas from filing further civil actions against government officials and their counsel without permission of the district court in unrelated actions. This language "has no boundaries." DeLong v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). Thus, the terms of the injunction are not "narrowly tailored" to the circumstances giving rise to the injunction. See Cromer, 390 F.3d at 819 (holding that prefiling

- 3 -

injunction barring future filings in unrelated cases in district court constitutes overbroad and impermissible restriction).

Accordingly, we are constrained to vacate the injunction imposed on Thomas and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>